UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DIRECTV, INC.,**

      v.                                                                  5:03-CV-642 (HGM/GJD)

**AL PENDLETON, FRANK COUNIHAN,
FORREST BARTELOTTE, CHRIS VENATOR,
JOSEPH RIMMER, JR., MARC LANDCASTLE,
ALLAN GORTON, KEVIN MYERS, REBECCA
HILL and RANDY MARINO,**

                    Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| GARVEY SCHUBERT BARER<br>Attorneys for Plaintiff<br>599 Broadway, 8th Floor<br>New York, New York 10012 | MARIO AIETA, ESQ.<br>ROBERT C. CARILLO, ESQ. |

FRANK COUNIHAN
Defendant
6730 Route 31
Durhamville, New York 13054

CHRIS VENATOR
Defendant
3143 State Route 5
Frankfort, New York 13620

JOSEPH RIMMER, JR.
Defendant
7176 East Dominick Street, Lot 77
Rome, New York 13440

KEVIN MYERS
Defendant
Box 79, Vanamber Road
Castorland, New York 13620

RANDY MARINO
Defendant
2577 Military Turnpike
West Chazy, New York 12992

**HOWARD G. MUNSON**
**Senior United States District Judge**

## MEMORANDUM - DECISION AND ORDER

Plaintiff, Directv, Inc. ("DIRECTV"), a satellite television provider, filed a complaint against, *inter alia*, defendants Frank Counihan, Chris Venator, Joseph Rimmer, Jr., Kevin Myers, and Randy Marino pursuant to the Federal Communication Act of 1934, 47 U.S.C. § 605, and the Federal Wiretap Laws, 18 U.S.C. § 2510 *et seq*. DIRECTV generally alleges that defendants purchased pirate access devices (PADs) and used them to intercept DIRECTV satellite communication broadcasts without authorization or payment. *See* Dkt. No. 1, Compl. at ¶¶ 3, 4 and 21. Currently before the court are DIRECTV's motions for default judgment against defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 25, 2001, DIRECTV, with the assistance of local law enforcement, executed several writs of seizure upon a mail shipping facility used by several sources of pirate technology including Vector Technologies, DSS-Stuff and Canadian Security and Technology. Id. at ¶ 3. As a result of the seizures, DIRECTV obtained possession of sales and shipping records, email communications, credit card receipts and other assorted records that documented defendants' purchases of "illegally modified DIRECTV Access Cards" and PADs. Id. DIRECTV filed the instant complaint on May 23, 2003, alleging that: (1) Counihan had purchased a PAD on March 30, 2001, *see* id. at ¶ 8; (2) Venator had purchased two PADs on March 15, 2001, *see* id. at ¶ 10; (3) Rimmer Jr. had purchased a PAD on May 14, 2001, *see* id. at ¶ 11; (4) Myers had purchased three PADs on July 18, 2000, *see* id. at ¶ 14; and (5) Marino had purchased a PAD on May 18, 2001, *see* id. at ¶ 16. DIRECTV further alleges that each defendant used their PADs to decrypt and view DIRECTV's satellite

television transmissions and thus intentionally and improperly received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization. *See* Dkt. No. 1, Compl. at ¶¶ 21 and 25. The Clerk of the Court entered default judgment against Counihan on January 6, 2005, *see* Dkt. No. 44, and against Venator, Rimmer Jr., Myers and Marino on September 28, 2004. *See* Dkt. Nos. 36, 34, 35 and 37, respectively. The instant motions followed.

**DISCUSSION**

**I.     Legal Standard: Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. First a plaintiff must obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may notify the court of such, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Second, having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. *See* Fed.R.Civ.P. 55(b)(1). "In all other cases," Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the court for entry of a default judgment. *See* New York v. Crotty, 2005 WL 1983919, at *3 (2d Cir. Aug. 18, 2005); *see generally* Fed.R.Civ.P. 55. "It is well established that a defendant who fails to appear or otherwise defend against a Complaint admits every 'well plead allegation' of the complaint." Time Warner Cable of New York City v. Browne, 2005 WL 567015, at *1 (S.D.N.Y. May 10, 2000) (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)).

**II.    Liability**

The Federal Communication Act provides that "No person not being entitled thereto shall

3

receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). The Second Circuit has held that 47 U.S.C. § 605 applies "in cases involving the sale of descrambling devices as long as the head end of the cable system at issue receives at least some radio transmissions." Community Television Systems, Inc. v. Caruso, 284 F.3d 430, 435 (2d Cir. 2002). Similarly, 18 U.S.C. 2511(1)(a) prohibits conduct that "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."

By failing to appear in this action, Counihan, Venator, Rimmer Jr., Myers and Marino admit to the following conduct: (1) interception of DIRECTV's satellite transmission without prior authorization or payment; (2) knowingly distributing modified signal theft devices for the unauthorized decryption of DIRECTV's satellite transmissions; (3) procuring other persons to use these devices; and, (4) mailing or transporting these interception devices through interstate commerce. See Dkt. No. 1, Compl. at ¶¶ 21, 25 and 29. Accordingly, DIRECTV is entitled to a default judgment against Counihan, Venator, Rimmer Jr., Myers and Marino for violating the Federal Communication Act of 1934, 47 U.S.C. § 605(a) and the Federal Wiretap Law, 18 U.S.C. 2511(1)(a).

**III.   Statutory Damages**

Both the Communications Act and the Federal Wiretap law authorize statutory damages for violations of their provisions. See 47 U.S.C. § 605(e)(3)(C)(i)(II); 18 U.S.C. § 2520(c)(2)(B). Statutory damages under 18 U.S.C. 2520(c)(2)(B)[1] are discretionary. See Schmidt v. Devino, 206 F.Supp.2d 301, 306 (D.Conn. 2001). The court's discretion, however, is limited to either "awarding

---

[1] 18 U.S.C. § 2520(c)(2)(B) states that the "court may assess as damages whichever is the greater the greater of . . . , the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

4

the full amount of statutory damages or no damages at all." Goodspeed v. Harman, 39 F.Supp.2d 787, 791 n. 6 (N.D.Tex. 1999).

Under 47 U.S.C. § 605(e)(3)(i)(II), aggrieved parties are entitled to statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just . . .." The Second Circuit has typically interpreted a violation as using one PAD. *See e.g.,* Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993).

Here, DIRECTV alleges that Counihan, Venator, Rimmer Jr., Myers and Marino purchased one or more PADs. DIRECTV, however, seeks only a default judgment for statutory damages in the amount of $10,000 for these four violations. DIRECTV also argues that the statutory damages are proper because its actual damages cannot be calculated due to defendants' failure to file an answer and provide discovery. It is undisputed that defendants have neither appeared before nor provided the court with any reasonable inference, fact or defense to invalidate DIRECTV's entitlement to statutory damages under the statutes.

Accordingly, DIRECTV is entitled to a default judgment for statutory damages in the amount of $10,000 as to each individual defendant.

**IV.    Attorneys' Fees and Costs**

DIRECTV also seeks recoupment of costs and attorney's fees. Under 47 U.S.C. § 605(e)(3)(B)(iii), a court "shall direct the recovery of full costs, including the award of reasonable attorney's fees to an aggrieved party who prevails." In support, DIRECTV submits an attorney's declaration with attached time records of the work performed in prosecuting the instant action. DIRECTV's submissions are in accordance with the procedural requirements as set forth in New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).

Courts in the Northern District, however, follow the lodestar method. *See* O'Grady v. Mohawk Finishing Prods., Inc., 1999 WL 309888, at *2 (N.D.N.Y. Jan. 15, 1999). The hourly rate

portion of the lodestar should represent the rates prevailing in the Northern District "for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.1, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Until recently, the prevailing rates in the Northern District are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years of experience, $100 per hour for attorneys with less than four years of experience, and $65 per hour for work done by paralegals. *See, e.g.,* N.Y. State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc., 2004 WL 437474, at *2 (N.D.N.Y. Feb. 27, 2004). Earlier this year, however, the Northern District revised its hourly rates, finding appropriate $210 for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience [and] $80 for paralegals." Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 2005 WL 670307, at *6 (N.D.N.Y. Mar. 22, 2005). Based on the foregoing, the court modifies DIRECTV's request for attorney's fees as follows:

**Attorneys' Fees**

| Attorney/ Staff Member | Requested Hourly Rate[2] | Requested Hours | Requested Amount | Allowed Hourly Rate | Allowed Hours | Allowed Amount |
|---|---|---|---|---|---|---|
| Attorney Aieta, Mario A. | $400 | 2.05 | $820 | $210 | 2.05 | $430.50 |
| Attorney Carrillo, Roberto | $190 | 3.15 | $598.50 | $120 | 3.15 | $378 |
| Attorney Greco, Paul V. | $400 | 2 | $800 | $210 | 2 | $420 |

---

[2]Where a range of hourly rate is indicated, the court uses the lower figure in calculating the requested amount for purposes of this table.

| | | | | | | |
|---|---|---|---|---|---|---|
| Attorney Jacobsen, Daniel | $200 | 3.095 | $619 | $150 | 3.095 | $464.25 |
| Attorney Oster, Steven M. | $350 | 2.25 | $787.50 | $210 | 2.25 | $472.50 |
| Paralegal Brons, Gwen | $95-120 | 5.21 | $494.95 | $80 | 5.21 | $416.80 |
| Paralegal Gerard, David J. | $110 | 0.38 | $41.80 | $80 | 0.38 | $30.40 |
| Paralegal Ghile, Daniela M. | $95 | 0.8 | $76 | $80 | 0.8 | $64 |
| Paralegal Coons, Michael D. | $80 | 0.75 | $60 | $80 | 0.75 | $80 |
| Assistant Bechutsky, Linda | $95 | 0.25 | $23.75 | $80 | 0.25 | $20 |
| Assistant Ferguson, Bobby L. | $95 | 0.2 | $19 | $80 | 0.2 | $16 |
| Assistant Woodhouse, Dawn E. | $95 | 1 | $95 | $80 | 1 | $80 |
| | | | **Total Amount Requested: $4,435.50** | | | **Total Amount Allowed $2,872.45** |

The amount of attorney's fees is $2,872.45 plus costs which amount to $446.55. Accordingly, DIRECTV is entitled to a total amount of $3,319 for attorney's fees and costs, which shall be born equally among the five defendants and as such, DIRECTV is entitled to $663.80 from each defendant in attorney's fees and costs.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter and the applicable law, and for the reasons stated herein, it is hereby,

**ORDERED,** that DIRECTV's motions for entry of default judgment are **GRANTED**; it is further

**ORDERED,** that the Clerk of the Court enter judgment for DIRECTV in the amount of $10,663.80, which is comprised of $10,000 in statutory damages and $663.80 in attorneys' fees and costs as to each defendant: Counihan, Venator, Rimmer Jr., Myers and Marino.

**IT IS SO ORDERED.**

Dated: September 27, 2005
Syracuse, New York

_____

*Howard G. Munson*
Howard G. Munson
Senior U.S. District Judge